**In the Matter of Petition of ALPHA IN-DUSTRIES, INC. to Perpetuate the Testimony of Mika Overseas Corporation.**

No. M 8–85.

United States District Court,
S.D. New York.

Jan. 19, 1995.

Norris Wolff, Kleinberg, Kaplan, Wolff & Cohen, New York City, for petitioner.

William Dockery, Scotto, Georgoulis, Dockery & Scotto, New York City, for respondent.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, Senior District Judge.

This is a Part I petition to perpetuate testimony under Federal Rule of Civil Procedure 27. For the reasons that follow, we grant the petition.

Alpha Industries, Inc. ("petitioner"), a manufacturer of military-style clothing and goods in the United States, asserts that Mika Overseas Corporation ("respondent") ships and distributes Alpha jackets to Japan. Petitioner has four U.S. distributors, all of which have agreed with Alpha not to cause the distribution of goods to Japan. Petitioner thus asserts that respondent's exports to Japan are a result either of a breach of contract by one of its own distributors; or of counterfeit by respondent. Respondent admits exporting Alpha jackets to Japan, but asserts that they are genuine Alpha merchandise, manufactured by petitioner and purchased in legitimate transactions from one of petitioner's distributors whose identity respondent will not reveal. Petitioner seeks to perpetuate respondent's testimony regarding its purchase and export of the jackets, in order to ascertain whether the wrongdoer is respondent or one of petitioner's own distributors.

Federal Rule of Civil Procedure 27 provides that an order to perpetuate testimony prior to the filing of a federal complaint is appropriate where the petitioner expects to be a party to an action cognizable in a U.S.

court but is presently unable to bring it; and where such perpetuation of testimony may prevent a failure or delay of justice.

In this case, petitioner would be a plaintiff for copyright or trademark infringement under the Lanham Act, a federal statute.[1] Petitioner cannot bring the suit immediately because Federal Rule of Civil Procedure 11 prohibits petitioner from bringing an action either against all of its many distributors—four in the U.S. and over a dozen worldwide—where it does not know the identity of the distributor(s) who may be in breach of the agreement with petitioner; or against respondent for selling counterfeit goods where petitioner cannot be sure whether respondent *is* selling counterfeit goods.

In addition, the perpetuation of testimony will prevent a failure or delay of justice. Petitioner alleges that it is suffering significant and ongoing economic harm resulting from the influx of petitioner's goods from the U.S. into Japan. Respondent apparently has information that may prevent that harm from continuing. If petitioner cannot obtain such information, there will be nothing to prevent the continued export of jackets to Japan, which would be a failure or delay of justice.

■ At oral argument, respondent asserted that Rule 27 is not a method of discovery to determine whether a cause of action exists and, if so, against whom, except where petitioner can show that the evidence sought is in danger of being lost or destroyed. That position does not provide a defense in this case, however. Professor Moore has noted that "ordinarily, a showing that the petitioner is presently unable to bring the expected action or cause it to be brought is sufficient showing of the danger of the loss of evidence by delay." 4 Moore's Federal Practice 27–32. He goes on to suggest that while it might be advisable, it is not necessary to show the existence of particular circumstances surrounding the condition of the evidence that present an imminent danger of the loss of the evidence. Showing "the danger of loss attendant upon all evidence through lapse of time" will generally suffice. *Id.* at 27–33; *See also Mosseller v. United*

*States* (2d Cir.1946) 158 F.2d 380 (showing that injured party might die, although made, was not essential where suit could not be brought immediately). Thus, in the case at bar, the fact that petitioner must delay bringing suit until receiving the information sought is a sufficient showing to allow the use of Rule 27 to perpetuate respondent's testimony.

SO ORDERED.

---

**1.** Petitioner could also assert that the court has diversity jurisdiction. Petitioner is a Tennessee corporation and respondent is a New York corporation.