### In re HOPSON MARINE TRANSPORTATION, INC., and Hopson Towing Company, Inc.

### Misc. Action No. 96–2300.

United States District Court,
E.D. Louisiana.

Sept. 24, 1996.

Maurice C. Hebert, Jr., David M. Flotte, and Georges M. Legrand, Hebert, Moule-

doux & Bland, New Orleans, LA, for Hopson Marine Transp., Inc. and Hopson Towing Co. plaintiffs.

Rufus C. Harris, III, Alfred Jackson Rufty, III, O'Neil, Eichin, Miller, Saporito & Harris, New Orleans, LA, for Suard Barge Service, Inc. Movant.

Laurence Edward Best, Best Koeppel, New Orleans, LA, John W. Lee, Jr., Hattiesburg, MS, James K. Dukes, Sr., and James K. Dukes, Jr., Hattiesburg, MS, for Tina Kay Windham, movant.

### ORDER DENYING MOTION TO REVERSE MAGISTRATE'S ORDER AND MOTION IN LIMINE

VANCE, District Judge.

Before the Court is Hopson Marine Transportation, Inc., Hopson Towing Company, Inc., and Hopson Transportation, Inc.'s (collectively "Hopson's") Motion to Review and Reverse Magistrate's Order and Motion in Limine. For the reasons set forth below, both motions are DENIED.

### I. BACKGROUND

On July 2, 1996, an accident occurred on navigable waters on Barge SUARD–45 near Bayou Gauche, Louisiana, in which Jeffrey Windham was seriously injured while attempting to remove a pin from the barge's starboard spud. At the time of the accident, Barge SUARD–45 was owned by Suard Barge Services, Inc. ("Suard"), pushed by a Hopson tug, and manned, at least in part, by Hopson employees. Both Hopson and Suard anticipate that they will be defendants in a future lawsuit filed by Windham. Each alleges that the other is primarily liable for any of Mr. Windham's injuries: Hopson suggests that the accident was caused by brake failure on Suard's barge, while Suard suggests that the accident was caused by operator failure on the part of a Hopson employee. Mr. Windham has yet to file a lawsuit.

A joint inspection and testing of Barge SUARD–45 was conducted on July 4, 1996. Representatives of Hopson, Caillou Island (an intermediate charterer, which had chartered the barge from Suard to Hopson), Camco Coil Tubing Services (Windham's em-

ployer) and Suard were present. Each party has a different version of the events that took place at this inspection. According to Hopson, the brake on the port spud failed to hold, and the inspection and testing was terminated by counsel for Suard, who stated that it was "too dangerous" to continue. Suard, on the other hand, maintains that the brake did not fail to hold during the July 4 inspection. Rather, Suard maintains that only person available to operate the starboard and port spud brakes was an inexperienced operator who was unprepared and incompetent to run the winch. According to Suard, testing had to be terminated because the inexperienced operator was unable to even move the starboard spud and was therefore unable to test its brakes.

Another joint inspection was held, with representatives of the same parties, on July 9, 1996. A full inspection of the starboard spud took place, including disassembly, photographing and measurement. The brakes for the starboard spud, which were involved in the accident, were engaged and functioned properly in all respects. The brakes for the port spud were also engaged and functioned properly. However, Suard refused Hopson's request to inspect and disassemble the port spud brakes on the grounds that such an inspection would be unnecessary because the port spud brakes had nothing to do with Windham's accident. The inspection was terminated over the objections of counsel for Hopson.

Hopson brought its case to compel an inspection of the port spud brakes before Magistrate Judge Wilkinson by filing a motion for expedited hearing on a petition to perpetuate evidence and allow inspection and testing and for a protective order. Suard filed a cross-petition for expedited depositions and production of written witness statements. Since no lawsuit to which the subject evidence may be relevant had yet been filed, both petitions were filed pursuant to Federal Rule of Civil Procedure 27. Magistrate Judge Wilkinson received arguments during a telephone conference on July 12, 1996, and after considering the oral representations of counsel, their written submissions, and the applicable law, denied Hopson's request to inspect the port spud brake. In a Minute Entry dated July 12, 1996, Magistrate Judge Wilkinson explained that part of the reason he denied the request was that Hopson had offered no affidavits of experts or other explanation as to why an inspection of the port spud, which was not involved in the accident, would have any bearing on any future anticipated litigation. *See* Record Doc. No. 9 at 4.

On July 24, Hopson filed a Motion for Reconsideration and submitted the affidavit of Thomas C. Shelton, a mechanical and metallurgical engineer licensed by the State of Louisiana, which indicated the need for an immediate inspection of the port spud brake. After considering this new material, Magistrate Judge Wilkinson issued a Minute Entry on July 19, 1996, summarily denying the motion for reconsideration, in which he stated that, "I remain unconvinced that the requested inspection constitutes evidence that must be perpetuated under the limited purposes of Fed.R.Civ.P. 27, as opposed to the more expansive purposes of discovery under Fed.R.Civ.P. 26." Record Doc. No. 18 at 1.

Hopson appeals Magistrate Judge Wilkinson's decision denying the request to dismantle, inspect, measure and photograph the port spud brake and to measure the port and starboard spud lifting assemblies and brake actuation mechanisms for purposes of comparison. Hopson is joined in its appeal by counsel for Tina Kay Windham, as conservator of husband, Jeff Windham in its appeal. Both Hopson and Windham argue that Magistrate Judge Wilkinson was clearly erroneous and wrong as a matter of law in denying their request for inspection of the port spud brake.

Hopson further requests, in its motion in limine, an Order precluding Suard from: (1) denying that the brake for the port spud of Barge SUARD–45 failed on July 4, 1996; (2) denying that the condition of the port brake assembly was substantially similar to the condition of the starboard brake assembly in July 1996; and (3) submitting any evidence in a later proceeding or trial concerning the condition of the port spud brake assembly in July 1996.

Both of Hopson's motions are DENIED, for the reasons set forth below.

## II. *LEGAL ANALYSIS*

### A. *Standard of Review*

A magistrate judge's decision on a non-dispositive matter is reviewed by a district court on a clearly erroneous or contrary to law basis. 28 U.S.C. § 636(b)(1)(A); Fed. R.Civ.P. 72(a). A decision is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See, e.g., Palacios Seafood, Inc. v. Piling, Inc.*, 888 F.2d 1509, 1513 (5th Cir. 1989) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Company*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948))). This is a difficult standard to satisfy. "If the [trier of fact's] account of the evidence is plausible in light of the record viewed in its entirety, the [reviewing court] may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson*, 470 U.S. at 573, 105 S.Ct. at 1511.

Hopson argues, however, that the addition of Windham's counsel to this case alters the standard of review. Because Magistrate Judge Wilkinson did not consider the request for inspection made by Windham's counsel, counsel for Hopson contends that the request for an inspection should be considered de novo. This Court is unpersuaded.

The presence of Windham's counsel does not magically transform this appeal of the Magistrate's order into an original request for an inspection. This is especially true in light of counsel for Windham's request that its appearance be for the limited purpose of submitting a Memorandum *in Support of Hopson Marine Transportation, Inc.'s Appeal of the Magistrate's Order* Denying Additional Vessel Inspections. It is significant that counsel for Windham did not submit a

motion of its own to order an inspection on its own behalf. In fact, Windham's counsel emphasized in its memorandum that Windham is making an appearance "solely for purposes of addressing the inspection issues raised by the parties to this action and without consenting to, or acknowledging, jurisdiction or venue in this court ..." Record Doc. No. 24 at 1. If Windham were asserting an affirmative claim for her own inspection of the port spud brake—and not just offering input to aid the court in Hopson's appeal of Magistrate Judge Wilkinson's ruling—she could not do so without submitting to this Court's jurisdiction. Clearly her intent was to offer some input concerning Hopson's appeal. The standard of review should therefore not be altered.

### B. *Scope of Rule 27*

Because the basis of Magistrate Judge Wilkinson's ruling on Hopson's motion for reconsideration was the limited scope of testimony permitted to be perpetuated under Rule 27, *see* Record Doc. No. 18 at 1 ("I remain unconvinced that the requested inspection constitutes evidence that must be perpetuated under the limited purposes of Fed.R.Civ.P. 27, as opposed to the more expansive purposes of discovery under Fed. R.Civ.P. 26."), this Court must decide an issue of first impression—namely, the scope of Rule 27.

Federal Rule of Civil Procedure 27 permits United States district courts to authorize parties to take depositions prior to the commencement of a formal legal action if the petitioner can show: (1) either that he or she "expects to be a party to an action cognizable in a court of the United States, but is presently unable to bring it or cause it to be brought," Fed.R.Civ.P. 27(a)(1), or that his or her case is pending on appeal, Fed. R.Civ.P. 27(b); and (2) that allowing the deposition "may prevent a failure or delay of justice." Fed.R.Civ.P. 27(a)(3).[1] The rule

---

1. The relevant portions of Rule 27 provides as follows:

   (a) Before Action

   (1) Petition. A person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition in the United States district court in the district of the residence of any expected adverse party. The petition shall be entitled in the named of the petitioner and shall show: 1, that the petitioner expects to be a party in an action in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of

also allows courts to order Rule 34 inspections under similar circumstances.[2] The rule was intended to apply to situations in which testimony might be lost to a prospective litigant unless taken immediately, without having to wait for a lawsuit or other legal proceeding to commence. *See Ash v. Cort,* 512 F.2d 909, 911 (3d Cir.1975) (Rule 27 applies "only in that special category of cases where it is necessary to prevent testimony from being lost.") Such testimony would thereby be preserved or "perpetuated" and, if necessary, would be available for use in a future legal proceeding. *See State of Nevada v. O'Leary,* 151 F.R.D. 655, 657 (D. Nevada 1993), *affirmed,* 63 F.3d 932 (9th Cir.1995); *Petition of Ferkauf,* 3 F.R.D. 89, 91 (S.D.N.Y.1943).

■ While the rule requires the petitioner to specify the facts he or she desires to establish by the deposition, Fed.R.Civ.P. 27(a)(1), nowhere in the rule is the scope of the evidence permitted to be perpetuated specified. Thus, once the evidence to be

perpetuated is specifically identified, and it is established that the evidence in question is in danger of being lost, it is not clear what the boundaries are of what the petitioner may seek to perpetuate. Two distinct possibilities exist: 1) petitioners may perpetuate any evidence that would be discoverable under Rule 26;[3] and 2) petitioners may discover only evidence that petitioners can show is both material and competent. Hopson (implicitly) urges this Court to adopt the first possibility; Suard urges this Court to adopt the second.

The Fifth Circuit has not decided this issue. *See In re Sims,* 389 F.2d 148, 151 (5th Cir.1967) (remanding without deciding scope of discovery permissible under Rule 27). Those courts that have considered the issue have all found that Rule 27 allows for the perpetuation of evidence only when the petitioner shows that the evidence sought is material and competent. *See e.g., Nevada v. O'Leary,* 63 F.3d 932, 936 (9th Cir.1995) (petition to perpetuate testimony for use in anticipated action does not permit inquiry as broad as that allowed under discovery rules);

---

the expected action and the petitioner's interest therein, 3, the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it, 4, the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each. . . .
(3) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories. The depositions may then be taken in accordance with these rules; and the court may make orders of the character provided for by Rules 34 and 35. Fed.R.Civ.P. 27(a)(1) and (3).

2. Both parties concede that Rule 27 authorizes district courts to grant Rule 34 inspections when the requirements of Rule 27 are satisfied. The rule was amended in 1948 to give courts the power to "make orders of the character provided for in Rules 34 and 35." Because a literal reading of the rule suggests that Rule 34 inspections and Rule 35 examinations are available only in conjunction with a deposition, one court has denied a Rule 27 petition for inspection alone.

*See United States v. Morelock,* 124 F.Supp. 932, 948 (D.Md.1954). However, other courts and commentators have rejected such a rigid reading of the rule and have allowed orders for inspection or examination independent of a deposition. *See e.g., Martin v. Reynolds Metals Corporation,* 297 F.2d 49, 56 (9th Cir.1961) (entry onto prospective plaintiff's property to inspect cattle carcasses, soil, and vegetation for toxins alleged to have emanated from prospective defendant's mill held to be proper under Rule 27 without a concurrent deposition); *cf. In re Arthur Andersen,* 832 F.2d 1057, 1058 (8th Cir.1987) (petition for Rule 27 preservation of documents allowed independent of deposition request; denied on other grounds); *see also* 4 J. Moore, J. Lucas, & G. Grotheer, Jr., *Moore's Federal Practice* ¶ 27.13, at 27–35 (2d ed. 1987) (inspection and examination should be freely available under Rule 27 without an accompanying deposition); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2074, at 664 (1994). Even Suard concedes that this court has the power to grant a Rule 34 inspection under Rule 27.

3. Rule 26(b)(1) allows for discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

*Nissei Sangyo America, Ltd. v. United States,* 31 F.3d 435, 440 (7th Cir.1994) (records are properly discoverable under Rule 27 if "they are competent records, *material to the matter in controversy,* that cannot be obtained in ordinary discovery because the plaintiff is not yet in a position to initiate such an action, but that might be lost if the plaintiff cannot now obtain them.") (emphasis added); *Louisville Builders Supply Company v. Commissioner of Internal Revenue,* 294 F.2d 333, 335 (6th Cir.1961) ("one seeking to perpetuate testimony [under Rule 27] must, by his application for leave to do so, demonstrate that the testimony sought will be material in the determination of the matter in controversy ...") (internal quotations and citations omitted). This Court is also persuaded that Rule 27 permits the perpetuation of testimony only if that testimony is shown to be both material and competent.

As the courts that have already considered the issue have noted,[4] a materiality and competency requirement under Rule 27 makes sense in light of the Advisory Committee's notes, which suggest that the Rule was designed to conform with the then-existing equity practice concerning bills to perpetuate testimony and modern statutes. *See* Notes of Advisory Committee on Rules, Fed. R.Civ.P. 27. The Committee referred specifically to *Arizona v. California,* 292 U.S. 341, 54 S.Ct. 735, 78 L.Ed. 1298 (1934), which stated that a bill in equity to perpetuate testimony must show, *inter alia,* that "the facts which the plaintiff expects to prove by the testimony of the witnesses sought to be examined will be material in the determination of the matter in controversy" and "that the testimony will be competent evidence." *Id.* 292 U.S. at 347, 54 S.Ct. at 737. Moreover, a materiality and competency requirement further makes sense in light of the fact that the rule itself nowhere mentions discovery and that courts have generally agreed that Rule 27 was not intended to be a substitute for discovery. *See O'Leary,* 63 F.3d at

935; *Ash,* 512 F.2d at 912. *See also* 8 Wright, Miller, & Marcus, Federal Practice and Procedure, § 2071, pp. 651–52 (1994) ("The early commentators agreed that [allowing full discovery] was not the purpose of the rule, and, despite an occasional intimation to the contrary, the courts have generally agreed that to allow Rule 27 to be used for this purpose would be 'abuse of the rule.'") (citations omitted). Finally, the fifth requirement of Rule 27(a), namely, that the petitioner state "the substance of the testimony which the petitioner expects to elicit," Fed. R.Civ.P. 27(a), suggests that courts should evaluate the materiality and competence of the testimony sought. In sum, this Court concludes, as one authoritative treatise has, that in light of the above-mentioned considerations, "the most reasonable view is that the old limitation [i.e., of a materiality and competency requirement] should still be applied." 8 Wright, Miller, & Marcus, Federal Practice and Procedure, § 2072, p. 659 (1994).

### C. *Review of Application of Rule 27*

[3] Having determined the appropriate standard of review and the appropriate legal standard to be applied, the Court now examines Magistrate Judge Wilkinson's ruling. In light of the materiality requirement discussed above, this Court cannot conclude that Magistrate Judge Wilkinson's ruling was clearly erroneous or contrary to law.

While Magistrate Judge Wilkinson did not explicitly state the precise scope of Rule 27 that he found applicable, he did make it clear that his decision rested on the limited scope of Rule 27, which he contrasted to "the more expansive purposes of discovery under Fed. R.Civ.P. 26." Record Doc. No. 18 at 1. In any event, it is clear that the underlying rationale of Magistrate Judge Wilkinson's decision was that the "tangential relevance" of the port spud brake—which was not even involved in the accident—did not justify a court-ordered inspection under the limited

---

4. The Court notes that while some courts have suggested in dictum that there should be no materiality and competency requirement, *see e.g., Martin,* 297 F.2d at 55 ("Nor do we think that Rule 27 requires that the inquiry at the deposition be limited to evidence that would be material and admissible in evidence at the trial."),

*dictum rejected by, O'Leary,* 63 F.3d at 936–37, no court has explicitly held that, once the evidence sought to be perpetuated under Rule 27 is determined to be at risk of being lost through the passage of time, that the scope of Rule 27 extends as far as that of Rule 26.

purposes of Rule 27. In short, Magistrate Judge Wilkinson appears to have concluded that Hopson and Windham failed to show that the inspection of the port spud brake was material evidence. Hopson and Windham have both failed to show that this conclusion was wrong as a matter of law. Hopson has cited a litany of cases to support the proposition that evidence of subsequent failure of a similar mechanical device is admissible to refute operator error and establish defective design and causation. *See Davidson Oil Country Supply v. Klockner, Inc.,* 908 F.2d 1238, 1245–46 (5th Cir.), *modified,* 917 F.2d 185 (5th Cir.1990); *Melton v. Deere & Co.,* 887 F.2d 1241, 1245 (5th Cir.1989); *Jackson v. Firestone Tire & Rubber Co.,* 788 F.2d 1070, 1082–83 (5th Cir.1986); *Ramos v. Liberty Mutual Insurance Company,* 615 F.2d 334, 338–39 (5th Cir.), *decision clarified,* 620 F.2d 464 (5th Cir.1980), *cert. denied sub nom, Rucker Company v. Shell,* 449 U.S. 1112, 101 S.Ct. 921, 66 L.Ed.2d 840 (1981); *Dollar v. Long Manufacturing,* 561 F.2d 613, 617 (5th Cir.1977), *cert. denied,* 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978); *Bailey v. Kawasaki–Kisen, K.K.,* 455 F.2d 392, 397 (5th Cir.1972); *Weeks v. Remington Arms Co., Inc.,* 733 F.2d 1485, 1491 n. 10 (11th Cir.1984). However, Hopson's reliance on these cases is misguided.

None of the cases cited by Hopson deal with Rule 27. At best, these cases hold that under Federal Rule of Civil Procedure 26, evidence of similar accidents with identically designed products *might* be *relevant* to disprove a theory of causation. *See e.g., Dollar,* 561 F.2d at 617; *Ramos,* 615 F.2d at 338. The materiality requirement of Rule 27, however, is more stringent than the "potentially may lead to discovery of admissible evidence" standard of Rule 26. "[E]vidence is material where it is relevant *and* goes to the substantial matters in dispute or has a legitimate or effective bearing on the decision ..." *United States v. DeLucia,* 256 F.2d 487, 491 (7th Cir.), *cert. denied,* 358 U.S. 836, 79 S.Ct. 59, 3 L.Ed.2d 72 (1958) (emphasis added); *see also,* 31A C.J.S. Evidence §§ 159 p. 435. Hopson has failed to show why the condition of the port spud brakes, which were not even involved in the accident, is anything more than only 'tangentially relevant,' as Magis-

trate Judge Wilkinson found. *See* Record Doc. No. 9 at 4.

In the end, Hopson's argument is rather far-fetched. In essence, Hopson argues that the condition of the *port* spud brake is material because the evidence of the alleged July 4 failure of the *port* spud brake goes to refute Suard's theory of causation of the July 2 accident—that is, the failure of the *port* spud brake on July 4 tends to show that it was improperly maintained or designed and/or was kept in poor condition as of July 2, which tends to show that the *starboard* spud brake was also improperly maintained or designed and/or was kept in poor condition as of July 2, and that this design defect or failure to maintain the brake properly caused the July 2 accident, as opposed to operator error. Hopson further contends that Magistrate Judge Wilkinson was wrong as a matter of law for not accepting this line of reasoning.

█ The Court finds this reasoning faulty. At best, Hopson's cases show that Magistrate Judge Wilkinson *could* have found this evidence to be *relevant;* however, Hopson's burden is significantly greater than that. To prevail, Hopson must show that Magistrate Judge Wilkinson *had* to find, as a matter of law, that the evidence in question was *material.* Hopson has not even adequately shown that the inspection of the port spud brakes satisfies the more liberal "potentially may lead to discovery of admissible evidence" standard of Rule 26, let alone that it satisfies the more stringent materiality requirement of Rule 27. Under Fifth Circuit law, evidence of prior accidents is not admissible at trial, unless it can be shown that (1) the prior failure occurred under conditions substantially similar to those existing during the failure in the accident central to the litigation; and (2) the prior failure occurred at a time not too remote from the time of the failure in the accident central to the litigation. *Ramos,* 615 F.2d at 339 (quoting *Jones & Laughlin Steel Corporation v. Matherne,* 348 F.2d 394, 400 (5th Cir.1965)). Hopson has not shown that the conditions of the alleged July 4 brake failure occurred under substantially similar conditions as that of the July 2, 1996 accident. In fact, Hopson has said nothing

to contradict Suard's account that there was a highly inexperienced and incompetent operator at the July 4 inspection, which, if true, would make it clear that the alleged July 4 brake failure did not occur under substantially similar circumstances as that of the July 2 accident. It is questionable, therefore, whether Hopson has even shown that it has satisfied the more liberal Rule 26 standard, let alone the more stringent materiality standard of Rule 27. In any event, this Court is certainly not "left with the definite and firm conviction that a mistake has been committed," *Anderson,* 470 U.S. at 573, 105 S.Ct. at 1511. Therefore, this Court will not reverse Magistrate Judge Wilkinson's ruling.

### D. *Hopson's Motion in Limine*

██ Hopson also has moved *in limine* for an order preventing Suard from (1) denying that the brake for the port spud failed on July 4th; (2) denying that the condition of the port brake assembly was substantially similar to that of the starboard assembly; and (3) submitting any evidence in a later proceeding concerning the condition of the port spud brake assembly. In support, Hopson suggests that this Court should apply the "adverse inference" rule, as recognized by the Fifth Circuit in *Vick v. Texas Employment Commission,* 514 F.2d 734, 737 (5th Cir.1975), to this case. Under the "adverse inference" rule, when one party wrongfully denies another the evidence necessary to establish a fact in dispute, a court must draw the strongest allowable inferences in favor of the aggrieved party. *See e.g., Schmid v. Milwaukee Electric Tool Corporation,* 13 F.3d 76, 78 (3d Cir.1994); *Glover v. BIC Corporation,* 6 F.3d 1318, 1329 (9th Cir. 1993).

However, the adverse inference rule does not apply when there is no *wrongful* denial of discovery. Having upheld Magistrate Judge Wilkinson's decision not to compel Suard to allow an inspection of the port spud brakes, this Court cannot find that Suard wrongfully denied Hopson the discovery to which it was entitled. Thus, there is no basis for denying Suard the right to dispute Hopson's contention that there was brake failure at the July 4th inspection. Accordingly,

IT IS ORDERED that Hopson's motion to reverse the Magistrate's Order is hereby **DENIED.**

IT IS FURTHER ORDERED that Hopson's motion *in limine* is hereby **DENIED.**