**In re Petition of Sheila Roberts FORD.**

**Miscellaneous No. 1984.**

United States District Court,
M.D. Alabama,
Northern Division.

Jan. 21, 1997.

*MEMORANDUM OPINION*

MYRON H. THOMPSON, Chief Judge.

Rule 27(a)(1) of the Federal Rules of Civil Procedure provides that "A person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition."[1] Sheila Roberts Ford has presented to the court a verified petition for relief pursuant to Rule 27. Based on the allegations in the petition and the arguments of counsel at a hearing held on December 13, 1996, the court concludes that petition, as later amended, should be denied.

## I. BACKGROUND

● On November 15, 1996, Ford filed, through counsel, her petition pursuant to Rule 27. In the petition, Ford asks "for leave to proceed with the deposition of Elmore County Sheriff Bill Franklin." She alleges that she "expects to be a party to an action in the United States District Court for the Middle District of Alabama, Northern Division, but is presently unable to bring said action"; that the "anticipated action surrounds the shooting death of Fred William Roberts by law-enforcement officers of Elmore County on November 8, 1996"; that she "is the Administratrix of the Estate of Fred William Roberts"; that she "intends to establish who the appropriate party defendants to the anticipated action are through the testimony of Elmore County Sheriff Bill Franklin"; that she "is unable to determine the appropriate party defendants and the basic facts surrounding the death of Fred William Roberts without the testimony of Sheriff Franklin" and "needs to establish an accurate account of the events that took place ... before the memories of those involved fade or become dist[or]ted by publicity"; and that she is "requesting the deposi-

---

**1.** Subsection (a)(1) of Rule 27 provides in full that:

"A person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition.... The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and the petitioner's interest therein, 3, the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it, 4, the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony."

Subsection (a)(3) of Rule 27 further provides in part that, "If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories."

tion of ... Franklin" because he "was the commanding officer of the Elmore County deputies believed to be involved in the shooting of ... Roberts" and he "is expected to identify the facts involved in Mr. Roberts' shooting death as well as the identity of the law enforcement officers involved." Ford also gave the names, addresses, and descriptions of the persons she expected to be adverse parties.

● On November 20, the court entered an order stating that " 'There need not be an independent basis of federal jurisdiction in a proceeding to perpetuate, but it must be shown that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction would exist and thus is a matter that may be cognizable in the federal courts.' *Dresser Indus., Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir. 1979).... Because Ford has not indicated that the expected action in this matter is within the jurisdiction of this court, she has failed to meet the jurisdictional requirements of Rule 27." The court informed Ford that she must amend her petition to satisfy this defect or suffer its denial.

● In response to the November 20 order, Ford filed an amended petition on November 27. In her amended petition, she alleges that the "expected action is an action at law to redress deprivation under ... the Fourteenth Amendment, 42 U.S.C. § 1983 and § 1988", and that the "jurisdiction of this Court is invoked under 28 U.S.C. § 1331(a) and 28 U.S.C. § 1343."

● A hearing was held on the petition on December 13. At the hearing, Sheriff Franklin appeared through counsel and stated that he opposed the petition because it was not authorized by Rule 27. Ford responded by reaffirming that she needed to take Sheriff Franklin's deposition in order "to determine ... the basic facts surrounding the death of Fred William Roberts." Without this information, she said, she could not determine whom to sue. She did not know whether Sheriff Franklin or one of his deputies shot Roberts and whether the shooting was justified.

## II.  DISCUSSION

■ It is clear that Ford seeks to engage in discovery pursuant to Rule 27. As represented in Ford's petition, as amended, and at the December 13 hearing, she desires to know "the basic facts surrounding the death of ... Roberts." She wants to know who shot him and whether the shooting was justified.

Admittedly, Ford also asserts in her petition a desire to preserve testimony; she states that she "needs to establish an accurate account of the events that took place ... before the memories of those involved fade or become dist[or]ted by publicity." This reason is not credible, however. Ford can do this by simply filing suit today. She presented no evidence that Sheriff Franklin's testimony is in imminent danger of being lost because he is gravely ill or about to leave the country. Ford therefore wishes only to discover or uncover what happened on November 8. The simple question for the court is whether Rule 27 authorizes such relief.

In *Business Guides v. Chromatic Communications*, 498 U.S. 533, 540, 111 S.Ct. 922, 927–28, 112 L.Ed.2d 1140 (1991), the Supreme Court stated that courts should "give the Federal Rules of Civil Procedure their plain meaning." A court's inquiry is complete if it finds "the text of the Rule to be clear and unambiguous." *Id.* at 541, 111 S.Ct. at 928. Therefore, the first and obvious place to look to determine whether Rule 27 authorizes pre-complaint discovery is the language of the rule itself. If the language of the rule is unambiguous and dispositive and is reasonable within its context, then the court should go no further and simply should enforce the language. Here, Rule 27 meets this straightforward test.

Subsection (a)(1) of Rule 27 provides, as stated, that "A person who desires to *perpetuate* testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition." (Emphasis added.) Subsection (a)(3) then provides that an order allowing examination may be entered only "If the court is satisfied that the *perpetuation* of the testimony may prevent a failure or delay of justice." (Emphasis added.) Rule 27's coverage therefore extends

only to the "perpetuation" of testimony. The term "perpetuate" is defined as "to make perpetual," "preserve from extinction," or "cause to last indefinitely." Webster's Third International Dictionary, unabridged 1685 (1976); *see also* Black's Law Dictionary 1027 (5th ed. 1979) ("perpetuating testimony" is a "means ... for *preserving* the testimony of witness, which might otherwise be lost before the trial in which it is intended to be used") (emphasis added). Here, Ford seeks to discover or uncover testimony, not to perpetuate it. She seeks pre-complaint discovery of evidence, not pre-complaint perpetuation of it. There is nothing before the court to indicate that Sheriff Franklin's testimony is in imminent danger of being lost. Rather, Ford simply wants to know who shot Roberts and why. Rule 27 simply does not provide for such discovery.

This understanding of Rule 27 is in line with that given in case law and by legal commentators as well. In *Ash v. Cort*, 512 F.2d 909, 911 (1975), the Third Circuit Court of Appeals stated that "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." "Rule 27 is not a substitute for discovery. It is available in special circumstances to preserve testimony which could otherwise be lost." *Id.* at 912. The court then concluded that "The present appeal must fail ... because appellant misperceives Rule 27 as a substitute for general discovery." *Id.* at 913. Similarly, in *Penn Mutual Life Ins. Co. v. U.S.*, 68 F.3d 1371, 1374–75 (1995), the D.C.Circuit Court of Appeals stated that Rule 27 requires "that a

petitioner demonstrate an immediate need to perpetuate testimony." *Contrast In re Sims*, 389 F.2d 148 (5th Cir.1967) (holding that petition properly sought to perpetuate testimony).[2] *See also* Fed.R.Civ.P. 27 (1937 advisory committee notes) ("This rule offers a simple method of *perpetuating* testimony") (emphasis added); *In re Boland*, 79 F.R.D. 665 (D.D.C.1978); 4 James W. Moore, et al., Moore's Federal Practice and Procedure ¶ 27.09 (2d ed. 1996); 8 Charles A. Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice and Procedure § 2072 (2d ed. 1994).

Ford also argues that Rule 27 should be read in conjunction with Rule 11. Rule 11 provides that, "By presenting to the court ... a pleading, ... an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." The Rule "stresses the need for some prefiling inquiry into both the facts and the law." Fed.R.Civ.P. 11 (advisory committee notes to 1983 amendments).[3] The rule authorizes the imposition of sanctions for noncompliance. Fed.R.Civ.P. 11(c). Ford says that she wants to comply with Rule 11 and avoid its sanctions by engaging in the necessary "pre-

---

**2.** In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**3.** Rule 11 provides:

"By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge,

information, and belief, formed after an inquiry reasonable under the circumstances,—

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery...."
Fed.R.Civ.P. 11(b)(2) & (3).

filing inquiry."[4] The court agrees with Ford's reading of Rule 11. *United Ins. Co. of Am. v. Harris*, 939 F.Supp. 1527, 1533 (M.D.Ala.1996) (" 'pre-action discovery' ... 'is encouraged, if not required, by Rule 11.' "). The problem, however, is that Rule 27 is not a vehicle for compliance with Rule 11. As stated, the language in Rule 27 is clear that the rule authorizes the perpetuation of evidence, not the discovery or uncovering of it. *See In re Gurnsey's Petition*, 223 F.Supp. 359, 360 (D.D.C.1963) ("[Rule 27] is not a method to determine whether a cause of action exists; and, if so, against whom action should be instituted."); *see also Petition of State of North Carolina*, 68 F.R.D. 410, 412 (S.D.N.Y.1975) ("Rule 27 petition cannot be used for the purpose of ascertaining facts to be used in drafting a complaint.").

To be sure, the court in *In the Matter of Alpha Industries*, 159 F.R.D. 456 (S.D.N.Y. 1995), reached a contrary understanding of the relationship between Rule 11 and Rule 27. There, as explained by the district court, "petitioner would be a plaintiff for copyright or trademark infringement under the Lanham Act.... Petitioner cannot bring the suit immediately because Federal Rule of Civil Procedure 11 prohibits petitioner from bringing an action either against all of its many distributors ... where it does not know the identity of the distributor(s) who may be in breach of the agreement with petitioner; or against respondent for selling counterfeit goods where petitioner cannot be sure whether respondent is selling counterfeit goods." *Id.* at 457. The district court expressly rejected the argument that "Rule 27 is not a method of discovery to determine whether a cause of action exists and, if so, against whom, except where petitioner can show that the evidence sought is in danger of being lost or destroyed." *Id.* The court stated that the "position does not provide a defense." According to the court, "Professor Moore has noted that 'ordinarily, a showing that the petitioner is presently unable to bring the expected action or cause it to be brought is sufficient showing of the danger of the loss of evidence by delay.' 4 Moore's

Federal Practice 27-32. He goes on to suggest that while it might be advisable, it is not necessary to show the existence of particular circumstances surrounding the condition of the evidence that present an imminent danger of the loss of the evidence. Showing 'the danger of loss attendant upon all evidence through lapse of time' will generally suffice. *Id.* at 27-33.... Thus, in the case at bar, *the fact that petitioner must delay bringing suit until receiving the information sought is a sufficient showing to allow the use of Rule 27 to perpetuate respondent's testimony.*" *Alpha Industries*, 159 F.R.D. at 457 (citations omitted) (emphasis added). *See also In re Petition of Delta Quarries*, 139 F.R.D. 68, 69 (M.D.Penn.1991) (in considering a Rule 27 petition, court observed that "the applications of Rule 11 have evolved significantly in recent years, and counsel's concern with respect to his Rule 11 obligations are much appreciated").

This court disagrees with *Alpha Industries* to the extent that court extends Rule 27 to allow for pre-complaint discovery under Rule 11. As already explained, the plain language of the Rule 27 simply does not support that reading. Moreover, the *Alpha Industries* court misread Professor Moore's commentary. First, the *Alpha Industries* court omits the critical opening sentence to the commentary: "The reasons for *perpetuating* the proposed testimony must demonstrate danger of losing the evidence by delay." (Emphasis added). Thus, when making his comments, Professor Moore is assuming that the petitioner wants to *perpetuate* testimony and the issue is what "reasons" will support a perpetuation claim. Professor Moore does not suggest that Rule 27 is an appropriate *discovery* device for Rule 11. Second, while the *Alpha Industries* court's observation— "Showing 'the danger of loss attendant upon all evidence through lapse of time' will generally suffice," 159 F.R.D. at 457—may be a permissible reading of Professor Moore's commentary, the observation does not support the court's conclusion regarding the relationship between Rule 11 and Rule 27. The court makes too broad a logical leap— indeed, it makes an illogical one—when it

---

4. Petitioner's letter-brief filed on December 16, 1996.

**509**

then concludes that mere "delay ... until receiving the information sought" satisfies Rule 27. The *Alpha Industries* court essentially reasons, first, that a Rule 11 impediment to bringing suit (inability to uncover or discover a fact) is sufficient to satisfy Rule 27, and, second, that Rule 27 may then be used to remove that impediment. As stated, Rule 27 is not a device for uncovering or discovering evidence, and Rule 11 simply does not address the issue of perpetuation of evidence. The rules are not related in the manner pictured by the *Alpha Industries* court, and Professor Moore does not suggest otherwise.

### III.  CONCLUSION

The court is not without sympathy for Ford. She is understandingly deeply troubled by and concerned about the shooting death of her father. If a law enforcement officer was at fault she desires to have him or her held accountable in a court of law. But, under Rule 11, she cannot file suit against any one without first having uncovered some "evidentiary support" for holding the person liable or having obtained some preliminary evidence that there is likely to be some "evidentiary support after a reasonable opportunity for further investigation or discovery." Similarly, the defense of qualified immunity protects law enforcement officials from federal suit in the absence of detailed factual allegations of a violation of a clearly established federal right. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). However, without the discovery incident to litigation, Ford is without the means to uncover whether her father was a victim of foul play in violation of a clearly established federal right. Her predicament is a "Catch 22." Indeed, she must feel that, under the rules established by our civil justice system, a law enforcement officer can get away with murder. This court has no answer for her, however, other than that Rule 27 does not offer an avenue of relief.

An appropriate judgment denying Ford's petition will be entered.

*JUDGMENT*

In accordance with the memorandum opinion entered this day, it is the ORDER, JUDGMENT, and DECREE of the court that the verified petition filed by petitioner Sheila Roberts Ford on November 15, 1996, and amended on November 27, 1996, is denied.

It is further ORDERED that costs are taxed against petitioner Ford, for which execution may issue.