**In re Petition of CHESTER COUNTY
ELECTRIC, INC.**

**No. 02–MC–0091.**

United States District Court,
E.D. Pennsylvania.

June 20, 2002.

**546**

Steven Marino, Marino and Dougherty, LLP, Philadelphia, PA, for petitioner.

Doreen S. Davis, Morgan, Lewis & Bockius LLP, Philadelphia, PA, Amanda D. Haverstick, Morgan Lewis & Bockius LLP, Philadelphia, PA, for respondents.

### MEMORANDUM AND ORDER

SHAPIRO, Senior District Judge.

Chester County Electric, Inc. ("CCE") moved under Fed. R. Civ. Pro. 27(a) ("Rule 27(a)") to take depositions and obtain documents before filing an action against MCF Services, Inc. d/b/a State Electric and Sharon Poncticello (collectively, "Respondents"). On May 20, 2002, after a hearing in which both proposed parties had an opportunity to be heard, CCE's motion was denied. Respondents, now moving for sanctions against CCE and its attorney Steven F. Marino (collectively, "Petitioners") under Fed. R. Civ. Pro. 26(g) ("Rule 26(g)"), argue the original motion under Rule 27(a) was frivolous and founded on an improper motive. Respondents' motion presents an issue of first impression: can a denied motion for perpetuation of testimony under Rule 27(a) give rise to sanctions for improper discovery under Rule 26(g)?

### I. BACKGROUND

CCE filed its original motion on March 28, 2002. It requested the court grant leave to obtain unredacted certified payroll records generated by Respondents in their construction project at Rydal East Elementary School. The motion also requested leave to depose Robert Wagman, Yvonne Richardson and Patricia Pauza, employees of the School District. The motion's stated purpose was to collect information sufficient to bring a cause of action against the Respondents under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"). According to CCE, the proposed testimony would confirm Respondents' alleged violation of applicable wage laws and fraudulent mailings and/or wire transmissions. CCE theorized that Respondents had gained a contract with the School District by promising to pay prevailing wages and overtime while performing the construction project, but did not do so. The deponents might have testified that they received Respondents' bid through the mail; the unredacted records would allow CCE to examine Respondents' billing practices.

CCE's original motion was verified "subject to Rule 11, Federal Rule of Civil Procedure." However, contrary to the plain language of Rule 27(a)(2), it was not served on Respondents. The court informed CCE that the motion would not be ruled on until it had been served. CCE then filed an amended motion.

In the amended motion, CCE stated that while it "expect[ed] to be a party to an action cognizable in this Court, [it was] presently unable to bring the action or cause the action to be brought." CCE proposed a date and time for a hearing on the motion, as well as dates and times for depositions. This second motion was served on Respondents, but was not verified as Rule 27(a) requires.

After hearing argument, this court rejected the motion because it did not seek to perpetuate testimony as Rule 27(a) permits, but to draft a complaint.

### II. DISCUSSION

Rule 27(a) provides for the perpetuation of known testimony before bringing an action.[1]

---

1. Rule 27(a) provides: (1) Petition. A person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition in the United States district court in the district of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and the petitioner's interest therein, 3, the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it, 4, the names or a description of the

Under the Rule, petitioners must file a verified motion with the court and serve it on the "expected adverse parties." If the motion complies with the Rule, the court will order the depositions of the affected entities.

■ Because the Rule contains no explicit limitations, "[a]t first some concern was expressed that [it] might be used for the purpose of discovery before action is commenced and might enable a person to fish for some ground for bringing suit." 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure: Civil 2D* § 2071 (1994). The Court of Appeals for the Third Circuit has decisively rejected the attempt to use Rule 27(a) as a mechanism to draft a complaint or conduct pre-trial discovery. *See Ash v. Cort,* 512 F.2d 909, 912 (3d Cir.1975) (Rule 27 is "not a substitute for discovery. It is available in special circumstances to preserve testimony which could otherwise be lost."); *see also 19th St. Baptist Church v. St. Peters Episcopal Church,* 190 F.R.D. 345, 347 (E.D.Pa.2000) (plaintiff may not engage in "fishing expedition"); *In re Ford,* 170 F.R.D. 504, 508 (M.D.Ala.1997) ("Rule 27 is not a vehicle for compliance with Rule 11. As stated, the language in Rule 27 is clear that the rule authorizes the perpetuation of evidence, not the discovery or uncov-

ering of it."); *Petition of North Carolina,* 68 F.R.D. 410, 412 (S.D.N.Y.1975) ("Rule 27 petition cannot be used for the purpose of ascertaining facts to be used in drafting a complaint."); *but see In re Alpha Indus., Inc.,* 159 F.R.D. 456 (S.D.N.Y.1995) (allowing discovery where plaintiff unable to draft complaint); *In re Petition of Delta Quarries & Disposal, Inc.,* 139 F.R.D. 68 (M.D.Pa.1991) (allowing discovery where Plaintiff unable to draft complaint under Rule 11 and witness in poor health).

CCE's motion was purportedly based on its inability to draft a complaint against Respondents in compliance with Rule 11. CCE argued that it is presently unable to prove that: (1) the mails were used in submitting Respondents' bids to public authorities; (2) Respondents were not paying prevailing wages; or (3) Respondents were paying mandated overtime to their workers. This lack of knowledge allegedly prevented CCE from bringing a complaint under RICO because CCE could not allege the predicates of RICO civil liability in good faith.

CCE's showing was insufficient under Rule 27(a). CCE did not aver that any records were in imminent danger of destruction, or that any proposed deponent was seriously ill or likely to leave the country. The motion

---

persons the petitioner expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

(2) Notice and Service. The petitioner shall thereafter serve a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court, at a time and place named therein, for the order described in the petition. At least 20 days before the date of hearing the notice shall be served either within or without the district or state in the manner provided in Rule 4(d) for service of summons; but if such service cannot with due diligence be made upon any expected adverse party named in the petition, the court may make such order as is just for service by publication or otherwise, and shall appoint, for persons not served in the manner provided in Rule 4(d), an attorney who shall represent them, and, in case they are not otherwise represented, shall cross-

examine the deponent. If any expected adverse party is a minor or incompetent the provisions of Rule 17(c) apply.

(3) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories. The depositions may then be taken in accordance with these rules; and the court may make orders of the character provided for by Rules 34 and 35. For the purpose of applying these rules to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.

(4) Use of Deposition. If a deposition to perpetuate testimony is taken under these rules or if, although not so taken, it would be admissible in evidence in the courts of the state in which it is taken, it may be used in any action involving the same subject matter subsequently brought in a United States district court, in accordance with the provisions of Rule 32(a).

was denied because the testimony was sought to draft a complaint, not perpetuate testimony, and if granted would have been an abuse of the Rule. *See Ash,* 512 F.2d at 913.

■ Respondents moved for sanctions under Rule 26(g).[2] The parties have cited no case applying Rule 26(g) to a motion made under Rule 27(a).[3] Only one instance of a court considering (and denying) a respondent's motion for sanctions made (arguably) in response to a motion under 27(a) has come to the court's attention. *See Combs v. U.S. R. Retirement Bd.,* 1988 WL 67648, at *2, 1988 U.S. Dist. LEXIS 5789, at *5 (N.D. Ill. June 22, 1988). In *Combs,* the court denied a motion for perpetuation of testimony under Rule 27(a), and then denied a "motion for sanctions." Neither the basis for the motion for sanctions nor any reason for the denial was given. The cases cited by Respondents in support of their motion relate to Rule 11 sanctions or discovery abuses, not to Rule 27(a).

In considering if Rule 26(g) covers a motion under Rule 27(a), the court looks first to the language of Rule 26(g):

> (2) Every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record.... The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:
>
> (A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;
>
> (B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....

> (3) If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

There are two essential preconditions to sanctions under Rule 26(g): (1) a "party;" (2) must make a signed "discovery request, response, or objection." A motion under Rule 27(a) does not satisfy either condition.

An individual or entity bringing a Rule 27(a) motion is not a "party." A "party is a technical word having a precise meaning in legal parlance; it refers to those by or against whom a legal suit is brought ... all others who may be affected by the suit, indirectly or consequently, are persons interested but not parties." *Black's Law Dictionary* 1122 (6th ed. 1990). By definition, a Rule 27(a) movant is not a party to a civil suit, but a prospective party.

Even if "party" were read more expansively, Rule 26(g) by its own terms governs only requests, responses, or objections in discovery. A Rule 27(a) motion, while listed within the "discovery section" of the Rules and governing the transfer of evidence from one entity to another in the judicial process, is not really a request for discovery. Rule 27(a) is "not a discovery device." *Canal Barge Co. v. Gulfstream Trading, Ltd.,* 1999 WL 1277539, *2, 1999 U.S. Dist. LEXIS 20118, *8 (E.D.La. Dec. 22, 1999).

A Rule 27(a) motion is unlike the "usual discovery motion" and must be "judged by different standards." *Ash,* 512 F.2d at 911. Nowhere in Rule 27(a) is the word "discovery" even mentioned.[4] Unlike the other dis-

---

**2.** Respondents did not move for sanctions under Rule 11 because that rule specifically excludes from its coverage "disclosures and discovery requests, responses, objections and motions that are subject to the provision of Rules 26 through 37." Fed. R. Civ. Pro. 11(d).

**3.** Respondents admit that a Rule 27(a) motion is "more akin to an initial pleading covered by Rule 11 than to a discovery request." Respondents Mem. in Support of Sanctions at 6 n. 4.

**4.** Courts have read this absence to mean that much less evidence can be collected under 27(a) than in "discovery." *See* 8 *Federal Practice and*

covery rules, helping parties find unknown information, Rule 27(a) allows only for the preservation of *known* data. Unlike other discovery, which is managed by the parties in the normal course without judicial intervention, Rule 27(a) explicitly requires pre-approval by the court before information can be preserved. Because of this protection, it need not, and does not, fall under Rule 26(g).

■ Truly frivolous or offending motions under Rule 27(a) could be sanctioned under other rules, or under the court's inherent authority. *See, e.g.,* 18 U.S.C. § 401 (contempt power); 28 U.S.C. § 1927 (punishing attorneys who vexatiously multiply proceedings); *see generally Chambers v. NASCO,* 501 U.S. 32, 45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (affirming that courts retain "inherent authority" to sanction attorneys or litigants where, for example, "the very temple of justice has been defiled"). Having examined the record, and considered Respondents' allegations of frivolousness and improper purpose, the court declines to sanction Petitioners. Petitioners' interpretation of Rule 27(a) was not wholly unsupported by existing authority. *Cf. In re Alpha Indus., Inc.,* 159 F.R.D. 456 (granting Rule 27(a) motion to avoid conflict with Rule 11). Having denied the Rule 27(a) motion and decided that Rule 26(g) does not apply to a motion under Rule 27(a), the court need not decide if the motion was frivolous or made in bad faith.

### III. CONCLUSION

An arguably frivolous motion under Rule 27(a) does not give rise to liability for sanctions under Rule 26(g) when denied by the court. Respondents' motion for sanctions will be denied.

*Procedure: Civil* 2D § 2072 (1994), *citing Martin v. Reynolds Metals Corp.,* 297 F.2d 49, 55 (9th Cir.1961) (stating in dicta that evidence sought must be "material and admissible"); *see also In re Hopson Marine Transp.,* 168 F.R.D. 560, 565 (E.D.La.1996) (holding that "materiality and competency" requirements apply to Rule 27(a) evidence, unlike normal discoverable evidence).