**In re Shelly LANDRY–BELL.**

No. MISC. 05–30.

United States District Court,
W.D. Louisiana,
Shreveport Division.

July 14, 2005.

David Szwak, Bodenheimer, Jones, Szwak & Winchell, LLP, Shreveport, Louisiana, for Petitioner under Rule 27.

## MEMORANDUM ORDER

HORNSBY, United States Magistrate Judge.

Before the court is a **Petition Under Rule 27** alleging that Petitioner's photograph and personal information have been posted to adult websites operated by Various, Inc. Petitioner alleges she never posted her picture or personal information on the internet, nor did she authorize any other person to do so. Petitioner also claims the postings contain false statements about her, including suggestions that she would engage in lewd and obscene acts of perversion.

Petitioner seeks leave under Fed.R.Civ.P. 27 to conduct pre-lawsuit discovery in order to complete a proper Rule 11 investigation. Petition, ¶ 11. Petitioner states she and her counsel attempted to obtain information about how her photograph and name appeared on the offensive websites, but Various, Inc. refuses to provide any information absent legal process being served upon it. Petition, ¶ 10. Petitioner also alleges that any delay in taking steps to secure the information sought will result in loss or destruction of that information. Petition, ¶ 11. Petitioner seeks leave to issue subpoenas and notices of deposition to Various, Inc. to satisfy a Rule 11 investigation and to perpetuate testimony where that testimony and information may be lost.

Petitioner also seeks leave to conduct discovery from Zack Wilhelm, who Petitioner represents is a United States military personnel stationed at an unknown location in Germany. Petitioner claims Wilhelm has harassed Petitioner and her husband in the past and, therefore, Petitioner has reason to believe Wilhelm may be involved in the posting of her information on the offensive websites. Petition, ¶ 7.

Despite the obvious sympathies that flow from the allegations of the Petition, the court's research into the language and purpose of Rule 27 shows that Petitioner's request for pre-suit discovery must be denied. Rule 27(a)(1) allows a person who desires to perpetuate testimony to file a verified petition in district court. Subsection (a)(2) requires notice to the potential adverse parties and service of the petition upon them. If the court is satisfied that "the perpetuation of the testimony may prevent a failure or delay of justice," the court can order perpetuation

depositions upon written or oral examination. Rule 27(a)(3).

█ In this instance, there is no indication from the record that notice or service has been made or attempted on Various, Inc. or Wilhelm, both of whom are described in the Petition as "anticipated defendants." Accordingly, it appears the requirements of 27(a)(2) have not yet been met. However, a more fundamental problem exists with regard to the Petition. Courts generally agree that to allow Rule 27 to be used for the purpose of discovery before an action is commenced to enable a person to fish for some ground for bringing suit would be "an abuse of the rule." Wright, Miller & Marcus, *Federal Practice and Procedure*, § 2071 at 651–652. Thus, Rule 27 does not allow for pre-suit discovery in order to determine compliance with Rule 11. *In re Petition of Ford*, 170 F.R.D. 504 (M.D.Ala.1997). Simply stated, Rule 27 is not a vehicle for compliance with Rule 11. *Id.*

Rule 27 simply authorizes the *perpetuation* of evidence, not the discovery or uncovering of it. *Id.* In *Application of Eisenberg*, 654 F.2d 1107 (5th Cir.1981), the former Fifth Circuit stated: "A person contemplating litigation has no absolute entitlement to early discovery under Rule 27. Moreover, the refusal to permit discovery prior to the institution of a suit is a ruling with only temporary application. The petitioner is free to seek discovery once the anticipated action has been filed." See also *In re Chester County Electric, Inc.*, 208 F.R.D. 545 (E.D.Pa.2002) (citing cases). The overwhelming weight of authority simply does not authorize the use of Rule 27 to conduct the type of pre-suit discovery Petitioner requests herein. Wright, Miller & Marcus, *supra*, pp. 652–653, n. 7 (collecting cases).

█ Petitioner also makes two references to the fact that she believes that delay in taking steps to secure the information she requests will result in loss or destruction of that information. Petition, ¶ 11 and Prayer. However, there are no facts alleged which would justify the authorization of Rule 27 perpetuation discovery on this basis. Simply alleging that testimony or information may be lost, destroyed or unrecoverable in the future is, at best, vague and conclusory. Rule 27 requires that a petitioner demonstrate an immediate need to perpetuate evidence. *In re Hopson Marine Transportation, Inc.*, 1996 WL 400782 (E.D.La.1996). General allegations that evidence may be lost are not sufficient. *Penn Mutual Life Insurance Co. v. United States*, 68 F.3d 1371 (D.C.Cir.1995).

In her supporting affidavit, Petitioner makes no reference to the need to prevent the loss or destruction of evidence. Instead, the affidavit simply reiterates her desire to obtain pre-suit discovery and her perceived inability to complete a proper Rule 11 investigation without that discovery.

The court is certainly sympathetic to Petitioner's plight. She alleges that obscene material associated with her photograph and other personal information has been placed on the internet without her permission.` If true, those allegations raise disturbing issues with regard to invasions of Petitioner's privacy. Those sympathies aside, however, the court cannot authorize pre-suit discovery when the letter and spirit of Rule 27 so clearly prohibit it. It should be added, however, that if Various, Inc. refused to provide Petitioner any information about the postings absent the service of legal process upon it, that would militate against the imposition of Rule 11 sanctions on Petitioner if she were to file a civil action against Various, Inc. in order effect that service of process.

For the foregoing reasons, Petitioner's request for pre-suit discovery under Rule 27 is **denied**.