# HENRY R. HALL,

## *vs.*

# HENRY STOUT and EMANUEL J. STOUT.

*Kent, Sept. T. 1871.*

A party in possession of lands of his deceased wife, claiming to hold as tenant by the curtesy, *held,* entitled to maintain a bill to perpetuate testimony to secure against the contingency of their death, evidence, material to his title, which rested exclusively in the knowledge of two witnesses.

The bringing of an ejectment by the defendants, after the bill was filed, does not deprive the complainant of his right to perpetuate the testimony, because the defendants have it in their power at any time to discontinue the action at law before a commission could issue and so *toties quoties.*

To deprive a party of this relief, it must appear that it lies in his own power, and not at the option of his adversary to bring the title to a present judicial investigation.

Old age and infirmity of the witness are not essential to the right to maintain a bill to perpetuate testimony.

Bills to perpetuate testimony proceed not on the ground of imminent risk of loss before a pending suit can reach a trial, as do commissions *de bene esse,* but on the ground that the party not being in a situation to bring his title to a trial, his evidence may be lost through lapse of time, a risk affecting all evidence, irrespective of any particular condition of a witness.

Evidence taken under a bill to perpetuate testimony must be kept sealed, and not opened, except by special order upon affidavit shewing the death or absence of the witness, or his inability to attend the trial.

BILL TO PERPETUATE TESTIMONY.—The complainant was in possession of certain real estate late of his deceased wife, situated in Kent county, holding as tenant by the curtesy; his title, as such, being controverted on behalf of defendants as the heir at law of the wife. The controversy turned upon the question whether a child of the deceased wife, by the complainant, was born alive. The bill, setting forth the facts on which the complainant's title rested, alleged that the only proof of the birth of issue alive was, the testimony of two witnesses, the physicians present at the birth, one of whom was aged, being about sixty-five years of age, and the other in infirm health, and that both resided out of the jurisdiction, that is, in Burlington County, State of New Jersey. The prayer was for a decree directing a commission for taking the depositions of these witnesses to remain *in perpetuam rei memoriam.* The material facts alleged in the bill were sworn to in an affidavit of the complainant annexed, specifically setting them forth.

The answer denied the fact alleged as material to the

complainant's title, and further shewed that, since the *filing of the bill*, an action of ejectment had been brought by the defendants, the heirs at law of the deceased wife, in the Superior Court for Kent county, to recover one parcel of the real estate held by the complainant, as tenant by the curtesy ; and that the object of the pending action is to test the title as to the whole real estate, which consists of three parcels, viz : two farms, and a house and lot in Dover. The answer also denied the allegation of the bill as to the old age of one of the witnesses and the infirm health of the other ; and the denial was supported by the affidavit, annexed to the answer, of two persons acquainted with the witnesses. Both witnesses were shewn to be in ordinary health, and the oldest not over sixty-two years.

The cause coming before the Chancellor upon a motion for a decree, December 12, 1871.

*Comegys*, for the defendants, objected upon two grounds.

*First*, there is now pending and at issue, in the Superior Court, an action to try the very title in dispute, in which it is competent for the complainant to take the testimony of these witnesses under a commission issued out of that Court ; so that no necessity exists for the interposition of the Court of Chancery. *Again*, the allegation of the bill as to the old age of one witness and the infirmity of the other, is not sustained, and is, in fact, abandoned in the form of the decree submitted by the complainant's solicitor. The decree, as framed, recites only that the witnesses are beyond the jurisdiction of the Court, being residents in the State of New Jersey. Though this be so, they can as well be reached by a commission issued out of the Superior Court as out of this Court.

*Smithers*, for the complainant.

At the filing of this bill, no action at law was pend-

ing. The equity of the complainant to relief, and the jurisdiction of the Court having then attached, cannot be divested by proceedings subsequently taken in another court. Aside from this consideration, the ejectment, if fully prosecuted, will try the title to only one out of the three parcels of real estate in controversy. The mere statement of defendants in their answer, that they intend the pending ejectment to be a test case, does not make it such. Further, even as to the particular property covered by the ejectment, the complainant is not fully secure without the perpetuation of this testimony; because it is in the power of the defendants at any moment, to discontinue the present action.

With respect to the other objection, that the witnesses are not shewn to be either aged or infirm, this objection overlooks the distinction between commissions to take testimony *de bene esse* for a suit pending, and commissions to *perpetuate testimony.* It is only under the former, that the danger of losing the testimony must be imminent through old age, infirmity or the departure of the witness beyond the jurisdiction.

THE CHANCELLOR :—

The complainant at the filing of his bill, was in the exact situation entitling a party to the relief sought by the bill. He was in possession of lands of his deceased wife, claiming to hold as tenant by the curtesy. This was unquestionably a sufficient interest to be protected. Evidence material to his title rested in the exclusive knowledge of two witnesses; and being himself in possession, it was not in his power to bring the title to a trial at law under immediate judicial investigation, so as to secure the evidence against loss by the death of these witnesses. These are the grounds of this sort of relief. *Duke of Dorset vs. Girdler, Prec. in Ch.* 531 ; *Angell vs. Angell,* 1 *Sim. & Stu.* 83 ; 2 *Sto. Eq. Jur. Sec.* 1508. The

bringing of the ejectment by the defendants after the bill was filed, does not relieve the complainant from the risk to his title even as to the house for which the ejectment is brought, for, however probable that the action will reach a trial, this cannot be certain to the complainant. Were a commission to perpetuate this testimony to be now refused because that action is pending, the defendants might, immediately and before a commission could issue from the Superior Court, discontinue the ejectment and leave the complainant precisely where he was at the filing of his bill, and so *toties quoties*. To deprive the complainant of this relief, it must appear to rest in *his own power*, and not at all in the option of his adversary, whether to bring the title to a present judicial investigation. This is the clear principle of the two leading authorities before cited. But, further, the pending ejectment tries the title only as to the house which is the subject of it. Its result determines nothing as to the two farms ; and were it only to protect his alleged title to these, the complainant is clearly entitled to a commission.

The other objection is also untenable. The allegation in the bill, as to the old age and infirmity of the witnesses, is immaterial ; and the denial, and even disproof of it, can have no effect. The distinction was well taken by the complainant's solicitor, between a commission to take testimony *de bene esse* and a suit to perpetuate testimony. 2 *Dan. Ch. Pr.* 955 ; 2 *Sto. Eq. Jur. Sec.* 1513 ; *Angell vs. Angell, supra.* The former is granted only in aid of a suit pending, in which it is presumable that the rights in issue will be speedily determined : and there, to induce the Court to interfere, the risk of losing the testimony must be imminent, as from the old age, infirmity or expected removal of the witness, or where there is only one witness, to a material fact, Commissions *de bene esse* and for the examination of witnesses resident abroad, are not issued now by this Court, except in aid of its own suits, the State

35—DEL. CH. IV.

Constitution having vested in the courts of law the same power in suits there pending. Bills to perpetuate testimony proceed, not on the ground of imminent risk of loss before a pending suit can reach a trial, but on the ground that the party not being in a situation to bring his title to a trial, his evidence may be lost through lapse of time, a risk affecting all evidence, irrespective of any particular condition of a witness. The right to this relief, therefore, does not depend upon the condition of the witness, but upon the situation of the party, and his power to bring his rights to an immediate investigation. It is true, as stated by Sir. John Leach, in *Angell vs. Angell, Sim. & Stu.* 83. that this jurisdiction is open to objections, but these are practically obviated by requiring, in the first place, that the party seeking relief shew his utter inability to bring his title to a trial, and, also, by keeping the testimony, when taken, sealed and not to be opened except by special order upon affidavit shewing the death or absence of the witness, or his inability to attend the trial—a rule rigidly enforced—2 *Sto. Eq. Jur. Sec.* 1516; *Morrison vs. Arnold,* 19 *Ves.* 670 ; *Barnsdale vs. Lowe,* 2 *Russ. & Myl.* 142.