Henry REINTS, Esquire, Plaintiff,

v.

William SHEPPARD, Individually; William Orr, Individually; A. Moore Lifter, Individually; Joseph Tye, Individually; Patrick Malone, Individually, Defendants.

Civ. A. No. 80–0292.

United States District Court, M. D. Pennsylvania.

May 15, 1981.

Arthur A. Kusic, Spero T. Lappas, Harrisburg, Pa., for plaintiff.

Randall G. Gale, Deputy Atty. Gen., Torts Litigation Unit, Harrisburg, Pa., for defendants.

MEMORANDUM

RAMBO, District Judge.

Plaintiff filed his complaint on March 19, 1980, against the captioned defendants and others. Defendants filed a motion to dismiss on April 7, 1980, resulting in the court ordering the dismissal of the claims against all defendants except those listed in the caption and requiring plaintiff to file an amended complaint, giving the specifics of

each defendant's involvement in the alleged deprivation of federal rights. On November 25, 1980, plaintiff filed his amended complaint, to which defendants filed a motion to dismiss on December 12, 1980. In addressing defendants' motion to dismiss the amended complaint, the court found that plaintiff still had not supported its allegations with material facts as required in civil rights actions, but advanced conclusory statements that defendants conspired to concoct false charges against the plaintiff. In lieu of dismissing the amended complaint, the court afforded plaintiff 20 days to file a second amended complaint, "setting forth specific facts as to the alleged conspiracy." (Court's order of April 28, 1981). On April 29, 1981, plaintiff filed a motion for leave to take depositions prior to filing an amended complaint. Defendants filed a brief in opposition to plaintiff's motion on May 5, 1981.

In his brief in support of his motion, plaintiff asserts that depositions are proper and motions to dismiss or for a more definite statement are frowned upon where the critical information lies within the exclusive possession of the defendants. A plethora of cases are cited to support that position. Plaintiff concludes that since the information required to satisfy the court's April 28, 1981 order lies within the exclusive possession of the defendants, plaintiff should be permitted to conduct discovery *before* he files his second amended complaint.

The court agrees wholeheartedly with the principles enunciated in the cases cited by plaintiff but does not agree with plaintiff's conclusion that the information required to comply with this court's order of April 28, 1981 is in the exclusive possession of defendants. As pointed out by defendants in their brief in opposition, no discovery is required to allege facts, rather than conclusions, regarding lack of probable cause for arrest or irregularity in the warrant; nor for pointing to any fact in the criminal charges that was not true; nor for the indicating involvement or actions of individual defendants against plaintiff. In short, the court is of the opinion that the basic facts upon which plaintiff is to base his claim are *not* in the exclusive possession of the defendants.

*Moreover, none* of the cases cited by plaintiff to support his request for discovery before the filing of a complaint dealt with civil rights complaints. The Third Circuit Court of Appeals has consistently held that plaintiffs in civil rights actions must plead facts with specificity. *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978); *Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922 (3d Cir. 1976); and *Kauffman v. Moss*, 420 F.2d 1270, 1272 (3d Cir.), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970). This requirement is not inconsistent with the notice pleading concepts propounded by the federal rules in that it does not require plaintiff to set forth all of the facts surrounding his cause of action, but does require more than vague allegations and broad conclusions. The policy reasons for this rule as set forth by the court in *Kauffman v. Moss, supra,* are sound. To permit discovery before the filing of the amended complaint in the instant case, where the information needed to frame the amended complaint is not in the exclusive possession of the defendants, would fly in the face of this policy.

One further salient fact remains to be addressed. The court notes that plaintiff in the instant case is himself an attorney. This does not place a more stringent requirement on his pleadings but it is realistically a factor to consider. It is one situation where counsel must work with a plaintiff who is inarticulate, unknowing in legal procedures, and unable to focus on the relevant facts needed to form a valid complaint. It is quite another situation where the plaintiff is supposedly trained to think and communicate logically and is aware of the procedural and factual requisites to file a complaint.

While this is not the type of discovery envisioned in Rule 27(a) of the Federal Rules of Civil Procedure, the court would be willing to grant such a request in a situation where plaintiff truly did not have knowledge of sufficient facts to plead his

case. As discussed previously, however, the court is of the opinion that plaintiff in the instant case is not in that predicament. Plaintiff's motion will be denied.