In re Petition of DELTA QUARRIES AND DISPOSAL INC., for the Perpetuation of Testimony and Evidence Before Action.

Misc. No. 91–158.

United States District Court, M.D. Pennsylvania.

Sept. 23, 1991.

Mark R. Cuker, Williams & Cuker, Philadelphia, Pa., for petitioner.

Donald K. Joseph and Benjamin J. Naitove, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, Pa., for respondent GE/RCA.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND:

On July 11, 1991, Delta Quarries and Disposal, Inc., ("Delta Quarries") filed a petition to perpetuate testimony pursuant to Fed.R.Civ.P. 27(a). The petition, however, failed to comply with the requirements of Rule 27(a), and the court directed Delta Quarries to file an amended petition. The amended petition, filed July 29, 1991, was found to comply with the requirements of Rule 27(a), and, as required by the rule, a hearing was scheduled to determine whether the "perpetuation of the testimony may prevent a failure or delay of justice." Fed.R.Civ.P. 27(a)(3). The hearing was held on September 16, 1991.

Delta Quarries is endeavoring to perpetuate testimony because it expects to be a plaintiff in an action brought pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, et seq. ("CERCLA"), seeking recovery for response costs it incurred for remediation of the Stotler landfill in Altoona, Pennsylvania. The proposed deponent is Glen Z. Stotler. Petitioner claims that Stotler has personal knowledge of the operations of the Stotler landfill during the relevant period, some fifteen years ago. This includes the identities of companies which disposed of or arranged for the disposal of hazardous substances at the landfill. Delta Quarries also maintains that Stotler is in poor health, and that his testimony is in danger of being lost forever. In support of its petition Delta Quarries submitted affidavits from Stotler and Gulshan Dhillon, Stotler's physician at the Veterans' Administration Hospital. It also submitted

Stotler's Clinical record from the James E. Van Zandt V.A. Medical Center and a memo directed to the Assistant Regional Counsel of the Environmental Protection Agency concerning Stotler's knowledge of disposal activities at the Stotler landfill.

### RULE 27(a)

Fed.R.Civ.P. 27(a)(1) provides that any person who desires to perpetuate testimony by deposition prior to the filing of a matter which may be cognizable in a court of the United States may request an order seeking such perpetuation by filing a verified petition in the United States district court in the district of the residence of any of the expected adverse parties. The elements which must be set forth in detail are as follows:

> 1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and the petitioner's interest therein, 3, the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it, 4, the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and, 5, the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each ...

Fed.R.Civ.P. 27(a)(1). As stated above, once these elements are established, the court need only determine whether the "perpetuation of the testimony may prevent a failure or delay of justice." Fed. R.Civ.P. 27(a)(3).

The respondents who have come forward to oppose the petition advance two arguments. First, they question Delta Quarries' claimed inability to bring its action under CERCLA today. Second, they contend that Delta Quarries has failed to prove Stotler's condition is life threatening and thereby jeopardizing his testimony in the impending CERCLA action.[1]

### A. Inability To Bring The Action

The respondents do not accept Delta Quarries' assertion that it is unable to file its CERCLA action today because it is still conducting an investigation into the liability of potentially responsible parties. Respondents argue that Delta Quarries could file its action against known defendants today and, after deposing Stotler, join other defendants as it becomes necessary. Counsel for Delta Quarries readily admits that an action against some of the respondents could be filed today. He argues, however, that even if the CERCLA action is filed today and Stotler is deposed immediately, the testimony elicited could be rendered useless at trial if Stotler's condition deteriorates preventing further depositions in the presence of counsel for the later-joined defendants. Assuming Stotler's condition is serious, this is a persuasive argument. Deposition testimony obtained before trial without the presence of counsel for defendants joined subsequent to the filing of the CERCLA action would be inadmissible hearsay against these later-joined defendants.

Moreover, counsel for Delta Quarries stated that, while it is possible to file the CERCLA action today, Rule 11 has become a much more serious obligation than in the past. Indeed, the applications of Rule 11 have evolved significantly in recent years, and counsel's concerns with respect to his Rule 11 obligations are much appreciated by the court.

In view of the possible danger of losing the use of Stotler's testimony against later-joined defendants and counsel's concerns regarding his Rule 11 obligations, the court accepts Delta Quarries' professed inability to file its CERCLA action at this time.

---

1. Some of the respondents voiced concern over the adequacy of notice provided by Delta Quarries. However, a review of the affidavits of service does not reveal any irregularities in this area. In any event, if any of the potential defendants did not in fact receive notice of the hearing their interests were more than adequately protected by counsel for the other potential defendants.

### B. Evidence of Deponent's Ill Health

■ Respondents claim that Delta Quarries has produced insufficient evidence of Stotler's ill health. This point is well-taken. Petitioner has produced a modicum of evidence regarding the details of Stotler's poor health. The affidavit submitted by Stotler's physician at the Veterans' Administration lacks any detail whatsoever.[2] Dr. Dhillon merely states that Stotler is under her care for "diabetes, heart disease, circulatory problems and pulmonary disease." She also states

> Mr. Stotler's condition is serious, and I cannot predict how much longer he can be expected to live. I also cannot predict how much longer he will remain competent to understand questions and answer them intelligently.

This portion of the affidavit is relatively useless. It gives no indication whatsoever concerning the life-threatening nature of Stotler's condition. It also fails to indicate the likelihood that his various maladies might render him incompetent to testify.

Stotler's affidavit is somewhat more helpful. He indicates that his doctors have informed him that he has the use of only 15% to 20% of his heart, and he stated that he takes approximately twenty pills a day for his various ailments. He also states that, based upon discussions with his doctors, he has already made arrangements for his funeral. It is also significant to note that Stotler is currently fifty-seven years old.

Petitioner has also submitted Stotler's Clinical record from the James E. Van Zandt V.A. Medical Center, which indicates that he suffers from: acute pulmonary edema-CHF, ventricular dysrhythmia, multifocal premature ventricular contractures with bigeminy, status post myocardial infarction-May 1990, diabetes mellitus, peripheral vascular disease, severe congestive cardiomyopathy with left ventricular ejection fraction 15, trace mitral regurgitation and mild tricuspid.

Significantly, Stotler has been cooperative with counsel for petitioner. Pointing to this cooperation, respondents argue that Delta Quarries could have retained a physician to examine Stotler and report his condition to the court. Petitioner argues that such an action would very likely convert the hearing into a mini-trial, because respondents would then want to retain their own doctors to examine Stotler, and it would be necessary to exchange expert reports.

While it would be desirable to avoid such a mini-trial with the requisite battle-of-the-experts, it was well-within the petitioner's power to marshal more detailed and convincing evidence as to Stotler's health. Nonetheless, based on the evidence in its entirety, the court is convinced that Stotler's condition is serious enough to raise justifiable concerns regarding the loss of his testimony. "A Rule 27 petition may ... be justified when a witness is aged or gravely injured and in danger of dying." *Petition of Rosario*, 109 F.R.D. 368, 370 (D.Mass.1986) (citing *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir.1967)).

Moreover, apparently no physical records regarding the identity of the users of the Stotler landfill were kept prior to 1978. This makes Stotler himself the only record of activities at the landfill prior to that date. Accordingly, in order to prevent the possible failure or delay of justice, Delta Quarries' petition will be granted.

---

**2.** It should be noted that as a doctor with the Veterans' Administration, Dr. Dhillon may well be precluded from rendering opinions in matters such as this.