**In the Matter of The Petition of the TOWN OF AMENIA, NEW YORK, and The Town of Sharon, Connecticut, to perpetuate the testimony of Earl Selfridge.**

No. CIV. M–23 (CLB).

United States District Court,
S.D. New York.

April 6, 2001.

Kimberlea Shaw Rea, Esq., Bleakley Platt & Schmidt, White Plains, NY, David B. Graham, Esq., Baker & Hostetler LLP, Cleveland, OH, for Petitioners.

Donna E. Frosco, Esq., Keane & Beane, PC (Local Counsel), White Plains, NY, Peter G. Ruppar, Esq., Duke, Holzman, Yaeger & Photiadis, Buffalo, NY, for Respondents.

Noah M. Sachs, Carter Ledyard & Milburn, New York City, for Alastair Martin.

### MEMORANDUM & ORDER

BRIEANT, District Judge.

By Petition filed on March 13, 2001, two incorporated municipalities, the Town of Amenia, New York and the Town of Sharon, Connecticut ("Petitioners") petition this Court pursuant to Rule 27 Fed.R.Civ.P. for an Order permitting them to take the deposition of a prospective witness, Mr. Earl Selfridge, in order to perpetuate his testimony. Curtiss–Wright Corporation, a potential adverse party in foreseeable federal litigation described below, filed Opposition papers to this Petition on March 19, 2001. Petitioners filed Reply papers on April 3, 2001. Ashland Incorporated, another potential adverse party, filed a response in support of the Petition on April 3, 2001. A hearing was held on April 6, 2001, at which the following facts were developed.

During certain years of the period from 1945 to 1976, Petitioners operated a landfill on leased property located on Route 22 in the Town of Amenia, New York. In 1981, the Environmental Protection Agency identified the Amenia Landfill as a Potential Hazardous Waste Site. Thereafter, the New York State Department of Environmental Conservation ("DEC") notified the Petitioners and others that it considers them potentially responsible parties for purposes of remediation, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") codified at Section 9601 and following of Title 42, United States Code, and liable for the disposal of hazardous substances in the Amenia landfill, as well as for the necessary costs of response and investigation.

In November 1999, the DEC convened a meeting of several potentially responsible corporate parties and former and present owners of the landfill premises and made an informal demand that they perform Remedial Investigation and a Feasibility Study so that appropriate cleanup and remedial action could be ordered in the future. The DEC thereafter forwarded a proposed Administrative Order on Consent to various potentially responsible parties, seeking performance of the Remedial Investigation and a Feasability Study and reimbursement of the DEC's past investigative costs. The parties have not yet agreed to the substance of the administrative order. Certain of the potentially responsible parties, including the Town of Amenia and Curtiss–Wright, formed the "Old Amenia Landfill Group" as a steering committee to work cooperatively with the DEC and to identify other potentially responsible parties. The Old Amenia Landfill Group periodically assesses each member costs necessary to defray Group activities related to the landfill.

It is implicit that whether or not the DEC is successful in obtaining a Consent Order to resolve the Amenia site, federal litigation will eventuate in which Petitioners will be parties, asserting cross-claims for contribution against others.

Accordingly, Petitioners expect that they may become adverse parties to the other potentially responsible parties in litigation under the applicable provisions of CERCLA. In such litigation Petitioners will have to expend, at a minimum, the "necessary costs of response" in order to investigate alleged releases of hazardous substances at the landfill site. Although the DEC has notified Petitioners and others of their potential liability for investigation and cleanup of the landfill site pursuant to CERCLA, the DEC has not yet ordered anybody to do anything.

Petitioners now seek to take the deposition of Mr. Earl Selfridge before an action is commenced in order to prevent the failure of Justice in this matter. Mr. Selfridge was a truck driver employed in Dutchess County, New York for Tri–Wall Containers, Inc. from 1956 until 1981. By reason of his former employment, Mr. Selfridge allegedly has

highly relevant information about the disposal of wastes at the landfill site by his own employer and others, including Curtiss–Wright Corporation whose trucks, he will testify, entered the landfill site regularly in the 1970s to unload 55 gallon drums of waste. Petitioners maintain that they are unable to obtain this information from other sources, in part because the relevant activities occurred thirty years ago. It is foreseeable that a substantial additional period of time may pass before the DEC takes formal action, followed by the inevitable CERCLA cost recovery or contribution action to which Petitioners will be necessary parties.

Curtiss–Wright is a member of the Old Amenia Landfill Group because it once owned the landfill. Curtiss–Wright denies that it was a generator on the premises, contending it owned the premises solely as an investment. Curtiss–Wright opposes the Petition by the Town of Amenia, New York and the Town of Sharon, Connecticut on the ground that the Petitioners do not satisfy the requirements to perpetuate testimony as set forth in Rule 27 Fed.R.Civ.P. Curtiss–Wright maintains that Petitioners do not satisfy Rule 27 because they presently are able to bring an action under CERCLA for response costs that they have already incurred as members of the Old Amenia Landfill Group and could use discovery in that action to establish the liability of other potentially responsible parties. Curtiss–Wright also argues that Petitioners can seek a declaratory judgment to establish their lack of liability, and that they have not established imminent risk of loss of Mr. Selfridge's testimony. In addition, it is contended that cost recovery lawsuits are not invariably brought by the DEC for every polluted site, so that the Petitioners cannot "expect" to be a party to the litigation, as required by Rule 27.

Were these arguments not enough, Curtiss–Wright also opposes the relief sought because the Petition was served by facsimile transmission rather than in the manner provided for service of a summons, and was served seven days less than the twenty days prior to the date the Petition was initially scheduled to be heard, as required by the rule.

*Discussion*

Rule 27, Fed.R.Civ.P. provides in relevant part:

"If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of Justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the examination shall be taken by oral or written interrogatories."

Petitioner is required to show, among other things, that "the petitioner expects to be party to an action cognizable in a court of the United States, but is presently unable to bring it or cause it to be brought," and the reasons for which Petitioner seeks to perpetuate the testimony.

Whether or not cost recovery lawsuits are invariably brought by state environmental agencies, and the length of time during which the threat of such a lawsuit may be expected to exist, are not issues material to the resolution of this application. Here, the Petitioners have reasonable cause to expect to be parties to an action brought under the relevant provisions of CERCLA, and believe reasonably that the testimony they seek to perpetuate would be necessary to prevent a failure of Justice in that anticipated action, in which the identity of other potentially responsible parties and the time and nature of their use of the landfill will be highly significant evidence.

Petitioners' perceived need to perpetuate the testimony of Mr. Selfridge has been established as valid to the satisfaction of this Court. There is a significant risk that Mr. Selfridge's testimony will be lost if not perpetuated at this time. He is seventy-seven years old and reportedly in ill health, having suffered several heart attacks. An indeterminate length of time may pass before the anticipated litigation is commenced and progresses to the discovery stage. Mr. Selfridge's expected testimony is highly valuable, and no substitute source of the information which he may provide has been identified. While a male person age seventy-seven has a statistical life expectancy of

8.6 years,[1] there is no assurance that any one individual will live for that time, or remain able to testify, especially an individual with an adverse medical history, as shown in this case.

■ Curtiss–Wright argues that the Petitioners are presently able to bring suit under CERCLA, and so cannot avail themselves of the special procedures to perpetuate testimony set forth in Rule 27. This is an argument which seeks to invite a presently unnecessary lawsuit, a practice not to be encouraged by any court. The interaction between the State of New York and the potentially responsible parties to date with respect to the investigation of the Amenia landfill site, has been cooperative and voluntary. Petitioners and a number of other potentially responsible parties are cooperating voluntarily with the DEC to develop a plan to investigate the landfill site. This may take months or years. Because of this cooperation, the DEC has not yet ordered Petitioners to investigate or remediate the landfill site, or to pay the State's past costs. The potentially responsible parties cannot advance their Remedial Investigation and Feasibility Study until the Administrative Consent Order is agreed to by all parties, and issued. This event has not yet occurred. Only after the Remedial Investigation and Feasibility Study is completed would the DEC issue its Proposed Remedial Action Plan and the subsequent Record of Decisions which directs the appropriate remedial action for the cleanup. The cost of the landfill cleanup will not be determined until the Record of Decision is issued. Accordingly, a declaratory judgment or other action to apportion clean-up costs would be premature at this time, and an attorney signing such a complaint naming Curtiss–Wright might well be violating Rule 11, which must be read consistently with the exception to Rule 27. This Court agrees with the reasoning of Judge Whitman Knapp of this Court, who concluded in a similar case that Rule 11 Fed.R.Civ.P. prevents a Rule 27 petitioner from bringing suit immediately when the petitioner was unable to identify with certainty the parties against which it should bring suit. *Petition of Alpha Industries, Inc.,* 159 F.R.D. 456, 457 (S.D.N.Y.1995) (Knapp, J.).

■ Curtiss–Wright also argues that attorneys' fees of Petitioners and money paid or advanced by Petitioners to the Old Amenia Landfill Group expended to search for other potentially responsible parties are severable and immediately recoverable costs. Attorneys' fees are not "necessary costs of response" within the meaning of CERCLA. *Key Tronic Corp. v. United States, et al.,* 511 U.S. 809, 821, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994). Although costs associated with identifying other potentially responsible parties are recoverable under CERCLA, it would be premature to bring such a suit at this time, when that identification is still proceeding and when the clean-up costs of the landfill have not even begun to be established. Forcing the Petitioners to bring an action to recover their incomplete payments to the Old Amenia Landfill Group, which were then expended by the Group in part to identify other potentially responsible parties, all in order to perpetuate Mr. Selfridge's deposition testimony on the question of Curtiss–Wright's liability does not reflect the spirit of Rule 27. The Court has not been presented with, nor has it discovered, any binding precedent to the contrary.

A balancing of the equities or the costs and inconveniences between the parties supports a conclusion that perpetuating the testimony of Mr. Selfridge at this time is preferable to the alternatives proposed. The voluntary investigation in this case is still in its early stages. It is not now feasible for the Petitioners to bring, nor for that matter is it now efficient for the Court to hear, a lawsuit to recover costs available under CERCLA brought against a potentially responsible party based solely on suspicion and hearsay.

We turn now to the procedural grounds asserted in opposition. Initially, the Petition was made returnable thirteen days after service because the attorney for Petitioners had expected no opposition. Upon receiving opposition, Petitioners requested from this

---

1. National Center for Health Statistics. Vital statistics of the United States, 1992, Volume II, Section 6 Life Tables. Washington: Public Health Service, 1996.

Court a later return date in order to comply with the requirement of twenty days' notice in Rule 27. The Court granted the request. Curtiss–Wright has now had more than an adequate opportunity to address the merits, as it has done, and its opposition on that ground is moot.[2]

■ Here in the twenty-first century, Curtiss–Wright also objects to service by facsimile. Counsel for Petitioners had discussed an intention to proceed under Rule 27, with counsel for Curtiss–Wright and other expected adverse parties prior to filing the Petition with the Court. As noted earlier, Curtiss–Wright actually received the facsimile, probably much sooner than any other form of service, and has availed itself of the opportunity to engage in substantive opposition and extensive correspondence with respect to the Petition. This Court cannot discern whether Curtiss–Wright, a company on the cutting edge of technological progress for more than a century, is asserting some sort of Luddite-inspired opposition to the modern electronic methods of transmitting information on paper, or whether it would have Petitioners now re-serve their papers in the manner of a summons, in some macabre expectation that the witness in the meantime might become unavailable to testify. Such service could easily be effected; it would cost money and waste time where time may be of the essence. These parties may become locked together in complex and substantial environmental litigation for months to come, or even years. Under the circumstances, crying crocodile tears over such a hypertechnical and purposeless issue as the propriety service by facsimile should be given no weight by this Court. For all we know, the testimony of the witness, when taken, may have its helpful aspects by identifying more potential contributors in addition to Curtiss–Wright.

Service of far more significant papers by facsimile transmission has been approved. *See, e.g., Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1115 (9th Cir.2000)(order to show cause containing temporary restraining order); *United States v. Pelullo,* 178 F.3d 196, 199 (3rd Cir.1999) (notice of filing of bankruptcy petition served upon U.S. Marshal to invoke automatic stay against a judicial sale); *Robinson v. Chavez, et al.,* 2001 WL 276830 (N.D.Tex.) (Buchmeyer, J.) (service of summons and complaint). In an earlier case, Judge Edelstein of this Court held that service by facsimile was not an effective method of service of papers which were required to be served by ordinary mail (snail mail). *Erbacci, Cerone and Moriarty, Ltd. v. United States, et al.,* 166 F.R.D. 298, 303 (S.D.N.Y.1996). This decision is hopelessly outdated, and in any event, this Court is not bound by the decision of a court of coordinate jurisdiction, and declines to follow it. *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 430 n. 10, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996).

## Conclusion

For the foregoing reasons, the Court concludes that Petitioners have met the requirements of Rule 27 of the Federal Rules of Civil Procedure, and the Court is satisfied that the perpetuation of Mr. Selfridge's testimony at this time may prevent a failure or delay of Justice. Accordingly, the Petition is granted and Petitioners are hereby authorized to take the deposition of Mr. Earl Selfridge for the purpose of perpetuating his testimony upon oral examination on ten (10) days' notice to counsel to all parties to this proceeding, given by facsimile or snail mail, on a date convenient to Mr. Selfridge at the law offices of Baker & Hostetler, 200 South Orange Avenue, Suite # 2300, Orlando, FL 32801. The examination may extend to any matter not privileged that is relevant to the Amenia Landfill. The original deposition shall be filed in this proceeding for perpetuation and use in any litigation arising out of the generation, transport or disposal of waste at the Amenia Landfill and any remedial measures associated therewith, including, without

---

2. Petitioners' attorney informed this Court at the hearing, without contradiction, that the return date was short of the twenty days required by the Rule, because of some schedule agreement she had with Peter G. Ruppar, Esq., and attorney representing Curtiss–Wright, for the Selfridge deposition. See transcript April 6, 2001 at 3–4. So long as all parties have adequate notice and an opportunity to be heard, as they did in this case, this Court declines to regard this issue as jurisdictional.

intending to limit the foregoing, litigation affecting indemnification or contribution towards investigation or remediation.

A formal order may be submitted if necessary for purposes of service upon the witness.

SO ORDERED.