*Rosen v. Department of Corrections*, No. 156-2-14 Cncv (Grearson, J., May 5, 2014)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| Earl Rosen, IV <br>   Petitioner <br><br>   v. <br><br> Department of Corrections <br>   Respondent | Docket No. 156-2-14 Cncv |

DECISION AND ORDER ON PETITION FOR PRE-ACTION DISCOVERY

This matter is before the Court on a petition for pre-action discovery pursuant to Rule 27 of the Vermont Rules of Civil Procedure ("V.R.C.P."). Petitioner Earl Rosen, IV seeks discovery of his core inmate file maintained by the Department of Corrections. Petitioner, who is currently incarcerated at Northern State Correctional Facility in Newport, Vermont, anticipates bringing one or more legal actions to challenge the Department's decision that Petitioner must participate in 12 consecutive months of the Vermont Treatment Program for Sexual Abusers ("VTPSA") before he is released. Petitioner contends that he is currently unable to bring a lawsuit in a manner consistent with the requirements of V.R.C.P. 11, and that he must review the file to determine whether a lawsuit may be brought against the Department. Petitioner is represented by Robert F. O'Neill, Esq., and the Department of Corrections is represented by Assistant Attorney General David McLean, Esq. For the following reasons, the Rule 27 petition is denied.

ANALYSIS

Vermont Rule of Civil Procedure 27 allows one who "desires to perpetuate testimony or to obtain discovery under Rule 34 or 35 regarding any matter that may be cognizable in any court of the state" to file a verified petition in superior court in the county of the residence of any expected adverse party. V.R.C.P. 27. The petition shall be entitled in the petitioner's name and must show the following:

(1) that the petitioner expects to be a party to an action cognizable in a court of the state but is presently unable to bring it or cause it to be brought,

(2) the subject matter of the expected action and the petitioner's interest therein,

(3) the facts which the petitioner desires to establish by the proposed testimony or other discovery and the petitioner's reasons for desiring to perpetuate or obtain it,

(4) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and

(5) the names and addresses of the persons to be examined or from whom other discovery is sought and the substance of the testimony or other discovery which the petitioner expects to elicit or obtain from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony or to seek discovery under Rule 34 or 35 from the persons named in the petition.

V.R.C.P. 27(a)(1). Rule 27 "gives the presiding judge discretion to grant a petition for preaction discovery if he or she 'is satisfied that the perpetuation of the testimony or other discovery may prevent a failure or delay of justice.'" *In re Burlington Bagel Bakery, Inc.*, 150 Vt. 20, 22 (1988) (quoting V.R.C.P. 27(a)(3)).

Where the Vermont rule is substantially identical to the corresponding federal rule, the Vermont Supreme Court has "looked to federal decisions interpreting the federal rule for guidance in applying the Vermont rule." *Drumheller v. Drumheller*, 185 Vt. 417, 429 (2009) (citing *In re Robinson/Keir Partnership,* 154 Vt. 50, 54 (1990)). Federal courts, in interpreting Rule 27, have held that "petitioners must make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed, or destroyed." *In re Liquor Salesmen's Union Local 2D Pension Fund*, 2012 WL 2952391, *3 (E.D.N.Y.). Rule 27 was enacted to "provide parties with an equitable means to preserve evidence that would be destroyed, not a short-cut to full discovery." *Id*. "It should be used only in special circumstances to preserve testimony which otherwise might be lost." *Id*. (citing *Arizona v. California*, 292 U.S. 341, 347–48 (1934). Therefore, "common fact patterns satisfying this element have included geographical or jurisdictional constraints, a deponent's advanced age or illness, or actual destruction of evidence." *Id*.; *see also, e.g.*, *Mosseller v. U.S.*, 158 F.2d 380, 382 (2d Cir. 1947) ("unfavorable medical prognosis" of injured deponent); *General Bd. of Global Ministries of the United Methodist Church v. Cablevision Lightpath, Inc.*, 2006 WL 3479332, *4 (E.D.N.Y.) (Cablevision "routinely destroys such data in the ordinary course of its business after 90 days"); *In re Campania Chilena de Navegacion*, 2004 WL 1084243, *3–4 (E.D.N.Y.) (vessel with foreign national crew members "possessing particular knowledge of the dispute" about to leave port); *In re Town of Amenia, NY*, 200 F.R.D. 200, 202–03 (S.D.N.Y. 2001) (deponent's advanced age and recent history of heart attacks).

Here, Petitioner's request is limited to materials within his core file held by the Department of Corrections. Petitioner has not alleged any facts showing that any sought-after documents would be lost—or are even in danger of being lost—absent the requested Rule 27 discovery. As both parties recognize, the Department of Corrections is required by law to maintain an individual file for each inmate, *see* 28 V.S.A. § 601(10), and Petitioner has not alleged or suggested that the department will "destroy or render permanently inaccessible" the contents of Petitioner's file. *See In re Liquor Salesmen's*, 2012 WL 2952391, *3. Regardless of whether the petition were granted or denied, the file is not going anywhere; any documents within the file would remain in the file. Therefore, the Court is not satisfied that granting the petition would

"prevent a failure or delay of justice," V.R.C.P. 27(a)(3), as granting the petition would not result in the preservation of evidence which would otherwise be lost. Accordingly, the Rule 27 petition must be denied.

The Court further observes that Petitioner has failed to articulate an "action cognizable in a court of the state." V.R.C.P. 27(a)(1). Petitioner does not seem to challenge his classification as a "Level A" offender; rather, Petitioner's proposed action boils down to a challenge of a programming decision by the Department of Corrections that he must participate in 12 consecutive months of VTPSA before he is released. However, programming requirements imposed by the Department of Corrections following a classification as a particular offender status are a matter of Department discretion, and are not reviewable under V.R.C.P. 75. *See, e.g., Rheaume v. Pallito*, 2011 VT 72, ¶ 11, 190 Vt. 245 ("[T]he promulgation of programming requirements falls within the broad discretion of the DOC to determine what mode of treatment best serves individual inmates. . . . [W]hile an inmate may have review of his designation under Rule 75, the particular programming requirements promulgated after that designation becomes final are a matter of DOC discretion and as such are nonreviewable under Rule 75."); 28 V.S.A. § 102(b)(2), (c)(8). Petitioner has not shown how he expects to be a party to a "cognizable" action as required by V.R.C.P. 27(a)(1).

ORDER

For the foregoing reasons, the Rule 27 Petition for Pre-Action Discovery is **DENIED**.

So Ordered.

Dated at Burlington, Vermont, May 5, 2014.

_____
Brian J. Grearson,
Superior Court Judge